IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIAM EUGENE LANGLEY                                                                PLAINTIFF

v.                                    Case No. 5:15-cv-00097 KGB/PSH

RAY HOBBS *et al*                                                                   DEFENDANTS

## ORDER

The Court has reviewed the Proposed Findings and Recommendation submitted by United States Magistrate Judge Patricia S. Harris and the objections filed by plaintiff William Eugene Langley (Dkt. Nos. 45, 46). After carefully considering the Proposed Findings and Recommendation and the objections, and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommendation should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

Mr. Langley filed his complaint *pro se* alleging that defendants failed to protect him from an assault by another inmate and failed to provide sufficient security in the chow hall where the assault took place (Dkt. No. 2). Mr. Langley contends that defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Subsequently, defendants filed a motion for summary judgment (Dkt. No. 34).

In their motion, defendants contend that Mr. Langley filed suit against them only in their official capacities and that Mr. Langley failed to exhaust his claims as to defendants Ray Hobbs, Wendy Kelley, Larry Norris, and Floyd McHan in their personal capacities prior to filing suit. Defendants contend that they are entitled to summary judgment on the official capacity claims because § 1983 does not allow a cause of action seeking money damages to be made against prison employees in their official capacities. Mr. Hobbs, Ms. Kelley, Mr. Norris, and Mr. McHan contend

that they are entitled to summary judgment because Mr. Langley failed to exhaust the available administrative remedies against them. They maintain that Mr. Langley did not complete the prison grievance process as to these defendants.

The Proposed Findings and Partial Recommendation recommends that this Court grant summary judgment and dismiss with prejudice Mr. Langley's claims against all defendants in their official capacities. The Proposed Findings and Partial Recommendation further recommends that this Court dismiss with prejudice Mr. Langley's claims against Mr. Hobbs, Ms. Kelley, Mr. Norris, and Mr. McHan in their personal capacities because Mr. Langley did not exhaust prison grievance procedures before filing suit against those defendants in federal court. Finally, the Proposed Findings and Partial Recommendation recommends that this Court deny defendants' motion for summary judgment with regard to Mr. Langley's claims against defendants Michael Elmore and Jacob King.

In his objections Mr. Langley contends that he appealed grievance 13-01156 and named Mr. Elmore, Mr. King, and Mr. McHan as being involved in the assault that forms the basis of his present complaint. Mr. Langley relies on grievance forms that he submitted with his complaint (Dkt. Nos., 2, at 19–21). This Court has reviewed those grievance forms and determines that Mr. Langley's grievance did not address Mr. McHan.

In his grievance, Mr Langley does not name Mr. McHan. Instead, in the appeal statement, the warden/supervisor's decision states that if Mr. Langley was seeking protective custody, he should have filled out the proper paperwork and submitted it to Mr. McHan (Dkt. No. 2, at 19). This sole reference to Mr. McHan in the appeal decision is not sufficient to say that the purposes of the exhaustion requirements have been satisfied or that the prison had a fair and full opportunity to

adjudicate Mr. Langeley's claim against Mr. McHan. *See Hammett v. Cofield*, 681 F.3d 945 (8th Cir. 2012) (per curiam) (holding that the Prison Litigation Reform Act's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits). Therefore, this Court agrees with the Proposed Findings and Recommendation and determines that Ms. Langley did not exhaust his administrative remedies as to Mr. McHan.

The Court notes that, although Mr. Langley contends in his objections that he did exhaust the grievance procedure as to Ms. Elmore and Mr. King, the Proposed Findings and Recommendation concludes the same and recommends that Mr. Langley be permitted to proceed on his claims against those defendants in their personal capacities.

It is therefore ordered that defendants' motion for summary judgment is granted in part and denied in part (Dkt. No. 43). Defendants' motion is granted to the extent that Mr. Langley's claims against all defendants in their official capacities are dismissed with prejudice. Defendants' motion is granted to the extent that each of Mr. Langley's claims against defendants Ray Hobbs, Wendy Kelley, Larry Norris, and Floyd McHan in their personal capacities are dismissed without prejudice. Defendants' motion is denied with respect to Mr. Langley's personal capacity claims against defendants Michael Elmore and Jacob King.

Dated this 13th day of September, 2016.

KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE